UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-cv-21046-LEIBOWITZ

KATHERINE RHOADES,

Plaintiff,

v.

OCEANIA CRUISES LTD., a Bermuda Company,
d/b/a OCEANIA CRUISES,

Defendant.
_________________________________/

**JOINT MOTION FOR ENLARGEMENT OF TIME TO FILE PROPOSED ORDER SCHEDULING MEDIATION**

Plaintiff, KATHERINE RHOADES ("Plaintiff"), and Defendant, OCEANIA CRUISES LTD. ("Oceania" or "Defendant"), by and through undersigned counsel, and pursuant to the applicable Federal Rules of Civil Procedure, respectfully move for a brief twenty (20) day enlargement of the current August 31, 2026, deadline to file a Proposed Order scheduling Mediation, per the Court's Scheduling Order, [D.E. 21], stating as follows:

1. This is a maritime negligence action wherein Plaintiff alleges that she sustained injuries while participating in the "Mt. Gazo Hike & Swim" shore excursion in Grenada. [D.E. 27, ¶¶ 48, 53-54].

2. The Court's Scheduling Order for this action requires the parties to do the following by August 31, 2026: (1) "select a mediator in accordance with Local Rule 16.2;" (2) "schedule a time, date, and place for in-person mediation;" and (3) "to jointly file a proposed order scheduling mediation in the form specified on the Court's website, http://www.flsd.uscourts.gov" [D.E. 21].

3. While the parties have conferred and have agreed to a mediator, the parties respectfully submit that a brief enlargement of twenty (20) days is necessary to coordinate and

schedule mediation as the parties are working to coordinate multiple Rule 35 examinations to occur during the same week as the mediation as the Plaintiff is a resident of New Jersey and the parties desire to avoid Plaintiff having to travel to South Florida on more than one occasion.

4. In addition to coordinating the Rule 35 examinations as noted above, the parties also need to coordinate the mediation date with their respective clients and Oceania's insurance representative, who is located out of state.

5. Additionally, one of Oceania's medical experts with whom it needs to coordinate the Rule 35 examination is currently out of the country.

6. Federal Rule of Civil Procedure 6(b) provides this Court with the authority to, for good cause, extend the time available for the parties to comply with its Scheduling Order and jointly file their notice informing the Court of the selected mediator and the date of mediation. *See Smith v Psychiatric Solutions, Inc*., 750 F. 3d 1253, 1262 (11th Cir. 2014) ("District Courts have 'unquestionable' authority to control their own dockets…this authority includes 'broad discretion in deciding how best to manage the cases before them'"); C*hudasama v. Mazda Motor Corp*., 123 F.3d 1353, 1366 (11th Cir.1997) ("District courts enjoy broad discretion in deciding how to best manage the cases before them"); *United States v. McCutcheon*, 86 F.3d 187, 190 (11th Cir. 1996) (noting the "broad discretion which is allowed a trial court to manage its own docket"); *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001); *Sosa v. Airprint Sys., Inc*., 133 F.3d 1417, 1418 (11th Cir. 1998) (scheduling orders may be modified only "upon a showing of good cause.").

7. "[A]n application for the enlargement of time … normally will be granted in the absence of bad faith on the party seeking relief or prejudice to the adverse party." 4B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1165 (2009).

8. The court has broad discretion to manage and schedule its cases. *Chrysler Intern. Corp. v. Chemaly*, 280 F.3d 1358, 1362 (11th Cir. 2002). It may modify the scheduling order, including, but not limited to times for disclosures under Fed. R. Civ. P. 26(a) and 26(e)(1), and of the extent of discovery to be permitted; the date or dates for conferences before the trial, a final pretrial conference, and trial; and any other matters appropriate under the circumstances of the case. Fed. R. Civ. P. 16(b). Modification requires good cause. Fed. R. Civ. P. 16(b)(4).

9. The parties respectfully submit that good cause exists for the requested enlargement of time as set forth above.

10. The parties respectfully request this enlargement of time in good faith, prior to the expiration of the deadline, and with no dilatory motives. Granting this enlargement of time will also prevent prejudice to the parties.

11. No prior enlargements of this deadline have been requested.

12. No prejudice will be incurred with the requested relief.

13. The Parties note that the deadline to complete mediation is on January 17, 2028. [D.E. 21].

14. A proposed Order granting this motion is attached as Exhibit "A."

WHEREFORE, the parties jointly and respectfully request that this Honorable Court enter an Order granting this Motion and allowing the parties to submit the joint proposed order scheduling mediation as well as the name of the selected certified mediator by September 21, 2026.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

Undersigned counsel hereby certify that counsel for the parties have conferred in a good faith effort to resolve the issues raised herein and agree to the relief requested.

Date: August 28, 2026
Miami, Florida

Respectfully submitted,

**FOREMAN FRIEDMAN, P.A.**

BY: ***/s/ Michael C. Gordon***
Jeffrey E. Foreman, Esq.
jforeman@fflegal.com
kfehr@fflegal.com
Michael C. Gordon, Esq.
mgordon@fflegal.com
gkalimullina@fflegal.com
drobinson@fflegal.com
Charles T. Perez, Esq.
cperez@fflegal.com
FOREMAN FRIEDMAN, PA
One Biscayne Tower, Suite 2630
2 South Biscayne Boulevard
Miami, FL 33131
Phone: 305-358-6555
Fax: 305-374-9077
*Attorneys for Defendant*

and

**DAVID W. SINGER & ASSOCIATES, PA**

BY: ***/s/ Michael A. Hoffman***
David W. Singer, Esq.
dsingeresq@aol.com
Michael A. Hoffman, Esq.
MAHoffman@1800askfree.com
litigation@1800askfree.com
ndvorak@1800askfree.com
DAVID W. SINGER & ASSOCIATES, PA
1011 South Federal Highway
Hollywood, FL 33020
954-920-1571
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on August 28, 2026. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

BY: ***/s/ Michael C. Gordon***
Michael C. Gordon, Esq.

**SERVICE LIST**

David W. Singer, Esq.
dsingeresq@aol.com
Michael A. Hoffman, Esq.
MAHoffman@1800askfree.com
litigation@1800askfree.com
ndvorak@1800askfree.com
DAVID W. SINGER & ASSOCIATES, PA
1011 South Federal Highway
Hollywood, FL 33020
954-920-1571
*Attorneys for Plaintiff*

Jeffrey E. Foreman, Esq.
jforeman@fflegal.com
kfehr@fflegal.com
Michael C. Gordon, Esq.
mgordon@fflegal.com
gkalimullina@fflegal.com
drobinson@fflegal.com
Charles T. Perez, Esq.
cperez@fflegal.com
FOREMAN FRIEDMAN, PA
One Biscayne Tower, Suite 2630
2 South Biscayne Boulevard
Miami, FL 33131
Phone: 305-358-6555
Fax: 305-374-9077
*Attorneys for Defendant*